THE STATE ex rel. ELIZABETH C. KNISELY, Administratrix, v. WILLIAM T. JONES, Judge of Circuit Court.

In Banc, April 27, 1918.

1. **APPEAL:** Of Administrator Without Bond: Mandamus. Under Section 292, Revised Statutes 1909, an administrator or executor whose interest has become opposed or antagonistic to the interests of the estate and who attempts to appeal from an order of the probate court or a final settlement affecting such interest must give bond, and is not entitled to appeal without bond. And where the executrix, who was sole devisee, filed a final settlement, and after the court had made an order requiring her to sell real estate to pay an adjudicated claim amounting to almost $200,000, which had been classified as belonging to the fifth class, filed a supplementary report in which she asked for allowances in her own favor amounting to more than a million dollars, which she asked the court to place in the first, second, third and fourth classes of claims, and which the probate court after a hearing disallowed *in toto*, it was the duty of the probate court, upon the filing by her of an affidavit for an appeal to the circuit court, to require her to give bond; and as she failed to give any bond in any amount Section 294 does not apply, and the circuit court cannot by mandamus compel the probate court to grant her appeal.

   *Held*, by BOND, J., concurring in the result only, with whom WALKER, J., concurs, that the claim of the executrix was one asserted in her individual right, and as the judgment of the probate court was that she was not entitled to recover anything, she was entitled to an appeal upon giving bond covering costs to be incurred in the further prosecution of the suit, and the requirement of the probate court that she must give bond in the sum of $200,000 was grossly arbitrary and an oppressive exercise of the court's discretion; but as she predicated her right to an appeal on the sole theory that she was entitled to one without giving any bond, the circuit court had no power to compel by writ of mandamus the probate court to grant her appeal.

State ex rel. v. Jones.

2. ———: ———: **Mandatory Statute.** Section 292, Revised Statutes 1909, is mandatory. It requires an executor or administrator who appeals from a final settlement or from an order or action of the probate court "when the interest of the executor or administrator becomes opposed or antagonistic to the interest of the estate" to give bond. It vests no discretion in the matter in the probate court; the court must require a bond for an appeal from its order where the executor or administrator seeks an appeal to the circuit court from an order denying allowances in his favor, and he must give bond to perfect such appeal.

3. ———: ———: **Prohibition: Administratrix as Relatrix.** Where the administratrix of a deceased claimant has filed exceptions in the probate court to the allowance of claims in favor of the executrix of the estate and the court has sustained such exceptions, and thereafter the executrix, without having given any bond for an appeal, obtains from the circuit court a writ of mandamus directing the probate court to allow and grant her appeal, the said administratrix as relatrix may maintain a writ of prohibition in the Supreme Court to prohibit the judge of the circuit court from further entertaining the mandamus suit.

4. ———: ———: ———: **Inadequacy of Other Remedies.** Where under the peculiar facts of the case an appeal or other remedy will not afford relatrix an adequate, prompt and efficient remedy, the permanent writ of prohibition will go. Where the facts pleaded and admitted by the return show uncalled for dilatory efforts to defeat a judgment directed by this court; that the circuit judge is by his writ of mandamus attempting to compel the probate court to allow and grant an appeal in the very face of an express statute; that the petition alleges that the circuit judge "has assumed jurisdiction of said cause and is threatening to issue a permanent writ of mandamus against the judge of the probate court," which allegation is not denied in respondent's return; and that to permit the circuit court to compel the probate court to grant the appeal would be to compel the probate court, not only to violate the statute, but to override its discretionary judgment already entered, the writ of prohibition, directed to the circuit judge, prohibiting him from proceeding further in said mandamus suit, will be made permanent.

## Prohibition.

WRIT GRANTED.

*Morton Jourdan, E. P. Johnson, Edward C. Crow, Wilfley, McIntyre, Nardin & Nelson* and *Collins, Barker & Britton* for relator.

(1) Appeal by executor or administrator will not be allowed without bond when the interest of the executor or administrator is opposed or antagonistic to the interest of the estate. Secs. 292, 294, R. S. 1909; Potter v. Todd, 73 Mo. 101. (2) Mandamus will not issue to control the judgment or discretion of an inferior court. Betts v. Megown, 89 Mo. 156; State ex rel. v. Fort, 180 Mo. 97. (3) The jurisdiction of respondent is not determined from the class of case, but from the petition in the particular case involved. State ex rel. v. Barnett, 245 Mo. 115. (4) The issuance by the circuit court of the writ of mandamus in the instant case would be an interference with the discretion of the probate court as vested in it by the statutes, and prohibition is the appropriate remedy to prevent the exercise of such jurisdiction. Albright v. Fisher, 164 Mo. 56; State ex rel. v. Gates, 190 Mo. 540; State ex rel. v. Grimm, 243 Mo. 667. (5) The absence of other adequate remedy is a proper consideration in application for writ of prohibition. State ex rel. v. Eby, 170 Mo. 526; Terminal Ry. v. Wear, 135 Mo. 257; State ex rel. v. Elkins, 130 Mo. 109.

*Robt. L. McLaran* for respondent.

(1) The writ of prohibition should not be permitted as a substitute for ordinary process for review or to try a case out of the forum where it is properly brought and within its jurisdiction. It should be presumed that the trial court will properly administer the law. State v. McQuillin, 260 Mo. 164; State v. Calvird, 191 S. W. 1079; State v. Duncan, 193 S. W. 950; State v. Gates, 190 Mo. 540; State v. Stobie, 194 Mo. 14; Cohen v. Webb, 192 S. W. 828. That the circuit court has jurisdiction in mandamus to direct a probate court or judge to allow an appeal in a case where the law

gives a right of appeal is settled in Missouri. It is part of the "superintending control" over "probate courts," vested by the constitution (Art. 6, sec. 23) in the circuit courts. State v. Allen, 92 Mo. 20; State v. Collier, 62 Mo. App. 38. (2) We ask whether there are proper parties to the record in the Supreme Court, referring to the plea of defect of parties set up in the return? Relator in the Supreme Court is not a party to the circuit court proceedings. No party in either of those courts is a party in the other court. R. S. 1909, sec. 1732. (3) The mandamus alternative writ in the circuit court and its allegations are admitted; no return thereto is on file, and there is no room for evidence to contradict that writ. R. S. 1909, secs. 2093, 2546; State v. Kellerman, 76 Mo. App. 107; State v. Adams, 161 Mo. 349; Austen v. Court, 35 Mo. 198. (4) The law and the facts determining the right of the executrix to appeal, without giving a $200,000 bond to obtain that privilege, are subjects peculiarly within the circuit jurisdiction in the mandamus suit, and its discretion and power to decide thereon ought to be left to that court and not taken away by prohibition. State v. Klein, 116 Mo. 259; State v. Bowerman, 40 Mo. App. 576. (5) The merits of the mandamus are matters for the circuit court; but if they are to be gone into by this court, the probate order (made on the day before the time elapsed for the appeal) requiring of the executrix a $200,000 bond as a condition to the appeal, is claimed by counsel for the executrix to be beyond the sound discretion of the learned probate judge. The amount or settlement filed by the executrix, pursuant to Secs. 151-155, R. S. 1909, was part of the proceedings for the sale of real estate, and was appealable as such without bond. R. S. 1909, sec. 289; Wilson v. Brown, 21 Mo. 411; Tutt v. Boyer, 51 Mo. 425; Ferguson's Adm. v. Carson's Adm., 86 Mo. 673. (6) The appeal of the executrix was valid under the 2nd or the 6th or the 15th subdivisions of Section 289, the last including every "final decision of

any matter arising under the provisions of Articles 1 to 13, inclusive of this chapter." In re McCune Est., 76 Mo. 200. (7) The appeal of the executrix from the total rejection of her account, submitted under Sec. 155, R. S. 1909, was an appeal which required no bond under the probate statute. One test is that no personal judgment against her was rendered, as the latter would have required an appeal bond for a *supersedeas,* under the last lines of Section 292. State v. Henderson, 164 Mo. 357; In re Bruening, 42 Mo. 278; Thompson v. Pope's Est., 77 Neb. 338; R. S. 1909, sec. 2042. (8) The probate law permits the executor to appeal without bond as a general rule, and the special exceptions (Sec. 292) do not include the case of a settlement under Section 155 which is not a "final settlement," specified in the exceptions in Section 292. (9) The express specification of "final settlement," in the clause of Section 292 requiring bond of an executor on appeal, excludes from such requirement other "settlements," on the executor's appeal; the same not being "final" in character. R. S. 1909, secs. 292, 2042. The rule of interpretation *ejusdem generis* forbids expanding the general words following "final settlement" so as to include other than final settlements. City v. Laughlin, 49 Mo. 559; State v. Harter, 188 Mo. 530; State v. Withrow, 133 Mo. 500; Bank v. Ripley, 161 Mo. 131; Wilson v. Brown, 21 Mo. 411; Ferguson v. Carson's Adm., 86 Mo. 673. (10) The probate appeal section permits appeals from (R. S. 1909, sec. 289): 2nd, "all settlements of executors and administrators;" 6th, "on all orders for the sale of real estate;" 15th, on "in all other cases where there shall be a final decision of any matter arising under the provisions' of the probate law. R. S. 1909, secs. 289, 2042; In re McCune Est., 76 Mo. 200. (11) But even if an appeal bond was demandable (which we deny) it should have been only a small one for costs, as no judgment or order for recovery of any sum by any one against the executrix was made or could be made in the matter in question, so

the demand for a $200,000 bond was excessive and should be vacated by mandamus as unwarranted and beyond discretionary power. State v. Court, 41 Mo. 545; State v. Lewis, 71 Mo. 170; State v. Court, 41 Mo. 221; State v. Cook, 187 S. W. 1122; State v. Goebel, 1 Ohio Cir. Ct. R. 550; Church v. U. S., 13 App. Cas. (D. C.) 264; State v. Wofford, 121 Mo. 61. As to the use of mandamus to revise and confine the exercise of discretion within reasonable limits, see: State v. Adcock, 206 Mo. 550; State v. Court, 41 Mo. 560; State v. Holtcamp, 207 Mo. 412; State v. Homer, 249 Mo. 68. (12) Although a bond may be required, and is within the jurisdiction or discretion of a court or judge, a demand by the latter for a bond excessive in amount is not a proper exercise, but is an abuse, of discretion, and may be controlled by mandamus. (13) Mandamus is available to enforce allowance of an appeal from an appealable order or judgment of a court or Judge, if the appeal being conferred by statute is refused by that court or judge. State v. Allen, 92 Mo. 25; State v. Collier, 62 Mo. App. 38; State v. Lewis, 71 Mo. 170.

GRAVES, C. J.—Application for writ of prohibition. Pleadings and facts can well be stated together.

The main features of the present application for a writ of prohibition are not strangers to this court. In one form or another the case of Knisely, Admx., v. Leathe, Admx., has been before us for many years. It first appeared in Knisely v. Leathe, 256 Mo. 341. Finally a judgment was directed in favor of plaintiff and against defendant in the sum of $107,500 and interest from May 17, 1902. The circuit court entered judgment under our direction and certified it to the probate court for allowance. The probate court declined jurisdiction of the claim so certified to it, and by our writ of mandamus we compelled the probate court to set aside, or hold as naught, an alleged final settlement of the Leathe estate, and to allow the claim of Knisely,

Administratrix, against the Leathe estate. [State ex
rel. v. Holtcamp, 266 Mo. 347.]

Whilst there were other side issues of the Knisely-
Leathe case in this court, they are immaterial here.
The present case, in its facts, begins with the probating
of the Knisely judgment. The claim was classified
by the probate court March 14, 1916. The relatrix
in this action then filed her petition for the sale of
real estate, to the end that her claim might be paid.
The petition for our writ then charges the further
facts: Relator further shows to the court that Grace
A. Leathe, as executrix of the estate of Samuel H.
Leathe, deceased, on the 7th day of July, 1909, made
a pretended final settlement of her administration of
the said estate of the said Samuel H. Leathe in the
probate court; that on said 7th day of July, 1909, an
order was entered on the records of the probate court of
the city of St. Louis, Missouri, discharging the said
Grace A. Leathe as executrix of the said estate of
Samuel H. Leathe, deceased; that at the time of making
the said report and final settlement, the said Grace
A. Leathe showed to the court that there was no per-
sonal property belonging to the estate of Samuel H.
Leathe in her possession, and that she was the sole
residuary legatee under the will of Samuel H. Leathe,
and, since the death of Samuel H. Leathe, had been
in possession of all of the real estate which had belonged
to the said Samuel H. Leathe at the time of his death.

"Relator further states that after the alleged final
settlement, Grace A. Leathe, as residuary legatee of
the estate of Samuel H. Leathe, remained and continued
in possession and control of all of the real estate which
had belonged to the said Samuel H. Leathe at the time
of his death, and continued to hold, manage and con-
trol the said real estate as her individual property and
made no orders or directions from the probate court
with reference to the said real estate from and after
the said 7th day of July, 1909, until after the date of
classification of the judgment in favor of this relator and

against the estate of Samuel H. Leathe, as hereinbefore alleged.

"Relator further states that subsequent to the classification of the said judgment as a claim against the estate of Samuel H. Leathe, deceased, and subsequent to the petition for an order to sell real estate for the satisfaction of said judgment, and ·subsequen⁺ to the granting of such order by the probate court of the city of St. Louis, Missouri, and for the purpose of defeating the payment of said judgment and claim held by this relator, by claiming the entire value of the estate of Samuel H. Leathe as costs and expenses of administration, the said Grace A. Leathe filed in the probate court of the city of St. Louis, Missouri, a statement purporting to be in compliance with the requirements of Sections 151 to 155, Revised Statutes 1909, which statement is in words and figures as follows, to-wit (omitting caption):

" 'Pursuant· to the annexed notice of Elizabeth C. Knisely, adminstratrix of the estate of Charles H. Knisely, deceased, the undersigned, Grace A. Leathe, executrix of the estate of Samuel H. Leathe, makes the following statement as required by Sections 151 to 155, inclusive, Revised Statutes 1909, of her administration of the estate of Samuel H. Leathe, deceased, covering, in addition to the annual and final settlement heretofore made by her, a list of debts due to her as such executrix by the estate and remaining unpaid, and of all of the moneys received by her from all sources, together with the amounts paid out by her and the balance due her from the estate, and an inventory of the ,real estate of said estate as it existed at the date of the death of Samuel H. Leathe, and as it exists to-day, together with all of her dealings and transactions with reference thereto, with a statement of its appraised value and a statement of all assets in her hands, there being no personal estate remaining in her hands, and further shows unto the court that outside of what the estate owes her as such executrix, there are

no creditors, whose claims have been allowed or classified except the claim of Elizabeth C. Knisely, which was heretofore classified and placed in the fifth class of claims. Said statement showing in "Exhibit A" the total amount received and expended by her on account of the payment of costs of administration, the payment of claims classified under the 1st, 2nd, 3rd and 4th class, the costs of maintenance, repairs, taxes, insurance and expenses in defending the estate against the claims of other persons, and the amounts paid to discharge and take up mortgages and deeds of trust that were on the estate at the time of the death of said Samuel H. Leathe, and showing a balance due the executrix on the 31st of March, 1916, of $843,356.45, as shown by "Exhibit A," together with the further item of $76,-462.95, as shown by "Exhibit B," and also the real estate and the conditions thereof, as shown by "Exhibit C."

" 'Executrix further submits unto the court that she is entitled to be reimbursed out of the assets of the estate all sums so paid by her for costs of administration, and to pay all claims falling within and classified under the 1st, 2nd, 3rd and 4th class claims, and all sums paid by her for taxes, insurance, repairs and maintenance and preservation of said real estate and the properties of said estate, and for all sums paid by her in protecting and defending the estate against the claims of other persons, and asks that the court allow her the sums aforesaid, so expended by her for said purposes.'

"Relator further states that attached to the foregoing report were a number of exhibits constituting a long account, including all transactions of the said Grace A. Leathe in her dealings with the real estate which she had received and held as aforesaid as her individual property, from the death of Samuel H. Leathe to the time of filing the said report.

"Relator further states that thereafter relator as creditor of the estate of Samuel H. Leathe, deceased,

filed in the probate court exceptions to the pretended statement and account and claim of Grace A. Leathe; that the said report and claim was thereafter duly examined by the judge of the probate court of the city of St. Louis, and the exceptions of relator thereto were duly considered, and thereafter and on the 15th day of October, 1917, the judge of the probate court of the city of St. Louis sustained the exceptions of relator to the said report and claim of Grace A. Leathe, and thereupon made and entered of record, the following order, to-wit:

"'Now on this day, this cause coming on to be heard upon the amended report of Grace A. Leathe, executrix of the estate of Samuel H. Leathe, deceased and the exceptions thereto of Elizabeth C. Knisely, administratrix of the estate of Charles H. Knisely, deceased, and having been heard by the court, and argued by counsel for the respective parties, and the court having duly considered the same, doth find that Grace A. Leathe was the executrix of the estate of Samuel H. Leathe, deceased, under the will of the said Samuel H. Leathe, and in said will named sole residuary legatee of the estate of the said Samuel H. Leathe; that immediately following the death of the said Samuel H. Leathe, the said Grace A. Leathe took possession of the personal estate of Samuel H. Leathe, as executrix, and took charge and possession of the real estate demised and bequeathed to her in the will, as devisee under the said will, and at all times thereafter, as such devisee, retained possession and control of such real estate, except three small tracts of said real estate, which were sold by order of this court to pay debts due by the said Samuel H. Leathe; that on or about the 7th day of July, 1909, the said Grace A. Leathe filed in this court a statement which was called a final settlement of her administration, and in the said settlement reported to this court that the said estate had been duly administered, and all debts and claims against the said estate paid; that she was the sole residuary

legatee under the said estate, and in said settlement asked that her settlement be approved as a final settlement, and that she be discharged as executrix and authorized to take as legatee all of the assets 'and property of the said estate, free and discharged from every and all claims against the said estate and property.

" 'The court further finds that in the said settlement the said Grace A. Leathe failed to report the claim of Elizabeth C. Knisely, administratrix of the estate of Charles H. Knisely, deceased, against the estate of the said Samuel H. Leathe, deceased, which claim was then pending in the circuit court of the city of St. Louis, and thereafter ripened into a judgment against the said estate and has been classified by this court as a claim against the said estate.

" 'The court further finds that in the amended report of Grace A. Leathe, filed in this court on the 5th day of May, 1917, the said Grace A. Leathe includes items of expenditures and expense made and incurred by her in her dealings and transactions as devisee of real estate received from Samuel H. Leathe and held and used by her in her personal capacity, and items of expenditures and expense made and incurred by her for her personal transactions and undertakings, independent of any part of the estate of Samuel H. Leathe, and that none of the said items are proper charges, or form any part of the administration of the estate of Samuel H. Leathe in this court.

" 'The court further finds that in the said report the said Grace A. Leathe fails to give credit to the estate for moneys received by her from rents and sales of real estate, and from loans made to her on the security of real estate received by her from the said Samuel H. Leathe; wrongfully charged the said estate for sums alleged to have been paid by her, which were not in fact paid by her, either as executrix, or in her personal capacity; wrongfully charged the said estate with interest on money alleged to have been advanced to the estate which was not in fact made, either as executrix, or

in her personal capacity; wrongfully makes duplicate charges against the said estate of items not chargeable against the estate at all, and wrongfully charges the estate with commission, as executrix, on expenditures which were not expenditures for the estate, but for Grace A. Leathe in her personal capacity.

" 'The court further finds that the pretended final report of Grace A. Leathe, made on or about the 7th day of July, 1909, was not a complete report of all claims against the estate of Samuel H. Leathe, and for failure to include the said Elizabeth C. Knisely, administratrix, the said pretended final settlement was rendered void as a final settlement.

" 'The court further finds that the balance of $177,350.64 alleged to have been due the said Grace A. Leathe at the time of the said alleged final settlement, was not due to said Grace A. Leathe for money advanced by her to the estate, but that the claims paid by her for the estate from which this balance was made up were in fact paid from money received by the said Grace A. Leathe as the proceeds of loans secured by her on the credit of the real estate which she had received from the said Samuel H. Leathe, and that prior to the date of the said pretended final settlement the said Grace A. Leathe had received from such loans a total sum of $590,000.

" 'The court further finds that no amount or sum whatever is due the said Grace A. Leathe from the estate of Samuel H. Leathe.

" 'The court further finds that the exceptions of Elizabeth C. Knisely, administratrix, to the said report and claim of Grace A. Leathe should be sustained.

" 'Wherefore, the court doth order, adjudge and decree that the exceptions of Elizabeth C. Knisely, administratrix, be sustained in full as to each and every part and paragraph thereof, and that the said Grace A. Leathe file with the clerk of this court within fifteen days from this date a report of all claims exist-

ing against the estate of Samuel H. Leathe, deceased, at the time of his death, if any, which were not included in the first settlement of this executrix made in June, 1908, and which have been approved, allowed or classified by this court.'

"Relator further states that thereafter, and on the 29th day of October, 1917, and within ten days after the end of the term of the probate court at which the said order was made and entered, the said Grace A. Leathe filed in the probate court an affidavit of appeal from the said order and judgment of the probate court to the circuit court of the city of St. Louis; that thereupon the honorable judge of the probate court of the city of St. Louis refused to grant the appeal until and unless the said Grace A. Leathe filed in the said probate court a bond in the sum, and with security, approved by the court, conditioned that she would pay all debts, damages and costs that may be adjudged against her, and that the said Grace A. Leathe has failed and refused to file such bond, or any bond, in the probate court of the city of St. Louis for the said appeal.

"Relator further states that thereafter and on the 29th day of October, 1917, the said Grace A. Leathe filed in the circuit court of the city of St. Louis, Missouri, and in Division No. 13 of said court, before Honorable William T. Jones, Judge of said division, a petition praying for a writ of mandamus against the honorable judge of the probate court of the city of St. Louis, to compel the said Judge to grant the said Grace A. Leathe her appeal to the circuit court of the city of St. Louis; and, on the said petition, respondent herein issued on the 29th day of October, 1917, an alternative writ of mandamus, in words and figures as follows, to-wit (omitting caption) : (we omit this petition at this point because its terms can best be stated elsewhere).

"Relator further states that she is a creditor of the estate of Samuel H. Leathe in a sum amounting, with interest, to more than two hundred thousand dol-

lars; that her claim became a final judgment under the mandate of this court, and was, under the mandate of this court, duly classified as a claim against the estate of Samuel H. Leathe more than eighteen months ago; that ever since the classification of the said claim the payment thereof has been prevented and delayed by the assertion of the said claim of Grace A. Leathe, executrix, as a claim entitled to prior allowance, and payment of relator's claim is being jeopardized by reason of decreasing values of the real estate which belonged to Samuel H. Leathe at the time of his death and the accumulation of unpaid taxes thereon; that a denial of the peremptory writ of mandamus by the circuit court of the city of St. Louis would be a judgment from which appeal would lie and the said Grace A. Leathe could by such appeal further delay and jeopardize relator's claim; and except through the aid of the extraordinary remedy of prohibition, relator is without any adequate remedy in the premises.

"Relator further states that the said Honorable William T. Jones, as judge of the circuit court of the city of St. Louis, in issuing the alternative writ of mandamus to the judge of the probate court of the city of St. Louis, was acting wholly without and beyond the jurisdiction of the circuit court of the city of St. Louis; that in requiring a bond to be filed as a condition precedent to allowing an appeal to the circuit court, the honorable judge of the probate court was complying with the provisions of the statutes and exercising discretion vested in him by the statutes of the State of Missouri, and particularly of Section 292, Revised Statutes 1909, and that the said circuit court is wholly without authority or jurisdiction to issue the said writ of mandamus, but has assumed jurisdiction of the said cause and is threatening to issue a peremptory writ of mandamus against the judge of the probate court.

"Wherefore, relator pays the remedy of a writ of prohibition against the Honorable William T. Jones, judge of Division Number 13 of the circuit court of the

city of St. Louis, and that the same be issued, directed to the said William T. Jones, Judge, prohibiting him from further continuing with the proceedings of the said circuit court in mandamus in favor of the said Grace A. Leathe against the Honorable Charles W. Holtcamp, Judge of the Probate Court of the city of St. Louis, and that the said William T. Jones, as Judge of Division Number 13 of the said Circuit Court of the city of St. Louis, be prohibited from hearing or considering or deciding or passing upon the said petition for a writ of mandamus, and that this court issue its preliminary rule directed to the Honorable William T. Jones, Judge of the Circuit Court of the city of St. Louis, Missouri, commanding him to appear before this court and show cause why a permanent writ of prohibition should not issue as prayed in this petition."

Judge Jones filed his return to our alternative writ, and a reply having been filed which placed in issue the return, the following agreed statement of facts was filed herein:

"Come now relator and respondent in the above entitled cause and present to the court the following agreed statement of facts relative to the issues made on the application for writ of prohibition, the return and answer of respondent, and the reply of relator, but it being specifically agreed between the parties hereto that both the relator and the respondent shall, in no way, waive any rights to object to the introduction of any of the facts herein contained as evidence on the ground that they are incompetent, irrelevant or immaterial.

"It is stipulated and agreed by the parties that Elizabeth C. Knisely is the administratrix, duly appointed and qualified, of the estate of Charles H. Knisely, deceased, and that Grace A. Leathe is the widow of Samuel H. Leathe, who died on the 3rd day of March, 1907, and that Grace A. Leathe was and is the duly qualified executrix of the estate of Samuel H. Leathe.

"It is further agreed that on July 2, 1915, relator secured a judgment against Grace A. Leathe as executrix in the sum of $192,263.75, and that the same was thereafter, on the 14th day of March, 1916, duly entered and classified as a claim against the estate of said Samuel H. Leathe, deceased, in the probate court of the city of St. Louis; that the judge of the probate court of the city of St. Louis, thereafter issued an order authorizing and directing the sale of the real estate, or so much thereof as might be necessary, belonging to said Samuel H. Leathe at the time of his death, for the purpose of paying and satisfying the said judgment of relator, with interest and costs; that said order of sale is still in force, and that no part of said judgment has been paid.

"It is further stipulated and agreed that Grace A. Leathe, executrix, on June 5, 1916, and thereafter filed supplementary reports, filed her reports, purporting to be a settlement pursuant to Sections 151 to 155, Revised Statutes 1909, and at the hearing offered vouchers, checks and other evidence showing payments of more than a million dollars, and offered proof in support of her claim that these expenditures were all paid out for the benefit of and on behalf of the estate, and that proof was offered by relator herein, opposing Mrs. Leathe's said claim; that thereafter, on the 15th day of October, 1917, on exceptions filed by relator and a hearing thereon, the report of settlement was disallowed *in toto* by the probate court, a copy of which said order of the probate court is set out in relator's application for writ of prohibition herein; that thereafter, and within ten days, and on the 20th day of October, 1917, Grace A. Leathe, executrix, duly filed her affidavit, praying an appeal from the probate court to the St. Louis Circuit Court, and, thereafter, on the 29th day of October, 1917, and during vacation of said probate court Hon. Charles W. Holtcamp, as judge thereof, caused to be entered of record therein an order requiring Graves A. Leathe, as executrix, to file an approved bond in the penal sum

of $200,000, as a condition to allowing her said appeal to the circuit court of the city of St. Louis; that Grace A. Leathe did not file such bond, or any bond; that Grace A. Leathe, executrix, thereafter, on said 29th day of October, 1917, filed her petition for a writ of mandamus to compel the probate judge to allow said appeal without bond, which was assigned to Division Number 13 of the St. Louis Circuit Court, of which Hon. William T. Jones is judge; that an alternative writ of madamus was issued thereon, and duly served on Hon. Charles W. Holtcamp. Judge of the Probate Court of the City of St. Louis, on October 30, 1917, a copy of which writ and petition is contained in relator's application for writ of prohibition herein; that thereafter Charles W. Holtcamp, Judge of the Probate Court of the City of St. Louis, in due time filed a motion to dismiss said mandamus suit in Division No. 13 of the St. Louis Circuit Court, a copy of which motion is contained in respondent's return herein; that thereafter Grace A. Leathe, in due time, filed a motion in said Division No. 13 of the Circuit Court of St. Louis, paying for a peremptory writ, a copy of which is contained in respondent's return herein; that thereafter, to-wit, on the 12th day of January, 1918, said Judge Holtcamp, respondent in said mandamus suit in said Division No. 13 of the St. Louis Circuit Court, filed a motion requesting leave to withdraw his motion to dismiss, above referred to, which motion said Judge Jones, Judge of Division No. 13, then and there granted, and to which action and order of the court Grace A. Leathe, executrix, by her counsel, then and there excepted at the time.

"It is further agreed by the parties hereto that this case shall be submitted on an agreed statement of facts and on the pleadings herein, and on the pleadings in said mandamus suit pending in said Division No. 13 of the St. Louis Circuit Court."

Such is the outline of the case before us. By the stipulation the pleadings in the mandamus case are

before us, and these we will note in the course of the opinion.

I. We did not set out in our statement the petition in the circuit court asking mandamus against the probate court. This petition recited the judgment of the probate court, as is found in the statement herein above. By the petition it is sought to compel the probate judge to grant to Mrs. Leathe an appeal without a bond at all. We did not abstract or set out this petition for mandamus, because its force and effect is agreed upon by the parties in the stipulation of facts, which we did set out. In this stipulation it is said: "That Grace A. Leathe, executrix, thereafter, on said 29th day of October, 1917, filed here petition for a writ of mandamus to compel the probate judge to allow said appeal without bond." It did not require this stipulation to show that such was the purpose of the mandamus proceeding, because the petition so shows. Yet this stipulation signed by the paries puts the question at rest, so that the case here must turn upon the single question as to whether Mrs. Leathe was entitled to appeal without bond. She tendered no bond of any kind, and stands here on the broad proposition that she was entitled to appeal without any bond at all. This being her stand, the question of the character of the bond ordered by the probate court is not in the instant case.

*Appeal Without Bond.*

II. The facts stated in the petition for our writ of prohibition, and the facts stated in the agreed statement of facts, show that Mrs. Leathe, administratrix, was claiming more than one million dollars against the estate of which she was the administratrix. Not only so, but the judgment of the probate court so shows, which judgment was set out *verbatim* in the petition for mandamus.

*Appeal by Executrix.*

It appears clearly and undisputed in this record that the interest of the administratrix is opposed to the

interests of the estate.   Her claims are antagonistic to
the interest of the estate.   Not only so, but the petition
for the mandamus in the circuit court disclosed the
same fact. Upon this point our statute is explicit.
Section 292, Revised Statutes 1909, reads:

"Every such appellant shall file in the court the
bond of himself, or some other person, in a sum and with
security approved by the court, conditioned that he
will prosecute the appeal, and pay all debts, damages
and costs that may be adjudged against him.   This
article shall not be so construed as to require any
executor or administrator to enter into bond in order to
entitle him to an appeal, except when the appeal is from
an order of the court upon the executor or administrator
to give other or further security, or from an order of
the court revoking his letters of administration, or
from a final settlement, or from any order or action
of the court when the interest of the executor or ad-
ministrator becomes opposed or antagonistic to the in-
terest of the estate."

The record before us conclusively shows that in
the matters appealed from by Mrs. Leathe, executrix,
the interest of the executrix is "opposed or antagonistic
to the interest of the estate." By Section 293 it is pro-
vided if the appeal be taken in vacation the affidavit
and bond shall be filed in the office of the clerk of the
probate court, subject to the approval of the judge or
clerk.   Mrs. Leathe filed the affidavit, but declined to
file a bond of any kind, and stands here on the broad
ground that she is entitled to an appeal without bond.   It
appearing that her interest is antagonistic to the interest
of the estate, she is not entitled to appeal with-
out bond.   Especially is this true, where the probate
judge has exercised his judicial discretion, and required
a bond.   Under this statute (Section 292, supra) it
was not only the right of the judge of probate to re-
quire a bond, but in our judgment it was his plain stat-
utory duty to require the same.   The statute by its
terms exempts the executor or administrator from giv-

ing an appeal bond, except in given instances. It means that in the excepted instances such executor or administrator must give a bond. One of these excepted instances is "where the interest of the executor or administrator becomes opposed or antagonistic to the interest of the estate."

The facts of this case do not bring it within the latter part of Section 294. No facts are pleaded in the mandamus case to bring the case within the purview of this section. This case must stand or fall on the provisions of Section 292, supra. This section first provides: "Every such appellant shall file in the court the bond of himself, or some other person, *in a sum* and *with security* approved by the court, conditioned that he will prosecute the appeal, and pay all debts, damages and costs that may be adjudged against him."

The section then further provides that the foregoing shall not apply to an executor or administrator, "except when the appeal is . . . from a final settlement, *or from an order or action of the court when the interest of the executor or administrator becomes opposed or antagonistic to the interest of the estate.*" The appeal in this case clearly falls within the latter clause of this exception. Such being the case the executrix was much bound to give a bond (under Section 292) as is the ordinary appellant from the probate court. The appeal is dependent upon the bond. The statute is mandatory in terms, and it was the duty of the judge of probate to require the bond, and the duty of appellant to give it. No other reasonable construction can be placed on this statute.

The statute in present form has not been construed by this court. A statute requiring bond where the executor or administrator appeals from a final settlement, first enacted in 1875 (Laws 1875, p. 46), has been construed here. This act left it optional with the probate court to require or not require the bond, and we held that where the probate court had exercised its discretion, and required the bond, such probate court

could not be compelled (by mandamus in the circuit court) to grant the appeal without bond. [Potter v. Todd, 73 Mo. 101.]

Since then the statute has been rewritten and there is now no discretion left in the probate court, as there was in the Act of 1875, supra. Under the exceptions in Section 292, Revised Statutes 1909, the probate court must require a bond in an appeal like the one involved in this case. Not only so, but the appellant must give a bond to perfect such an appeal.

III. Point is made that Mrs. Knisely, administratrix, cannot maintain this action here. We are cited to no authorities. The agreed facts show that Mrs. Knisely, administratrix, had a judgment of over $200,000 against the Leathe estate; it also shows that when Mrs. Leathe, administratrix, filed her settlement or statement of claims against the Leathe estate Mrs. Knisely, as a large creditor, filed her exceptions, and the matter was tried out in the probate court on those exceptions; that the exceptions filed by Mrs. Knisely were sustained by the probate court; that the very appeal involved in this case is an appeal from the probate court on the rulings of that court upon Mrs. Knisely's exceptions; that the very appeal involved in this action is an appeal from a contest between Mrs. Leathe, executrix, and Mrs. Knisely, administratrix, in the probate court. Not only so, but the petition for mandamus in the circuit court, whilst against the judge of the probate court, shows all these facts. Under this record we can not say that Mrs. Knisely is without such interest as would preclude her in this case.

*Administratrix As Relatrix.*

IV. That Mrs. Leathe, was not entitled to an appeal without bond is clear, under the very facts that she pleaded in her petition for mandamus. This question is set at rest by the plain wording of Section 292, Revised Statutes 1909. The real question before us is whether or not prohibition will lie in the case. We have a circuit court directing the

*Prohibition.*

probate court to grant an appeal without bond, or show reason why such should not be done. We have also an allegation in the petition for our writ of prohibition to the effect that the respondent herein not only issued the alternative writ of mandamus aforesaid, but that said respondent (circuit judge) "has assumed jurisdiction of said cause and is threatening to issue a permanent writ of mandamus against the judge of the probate court." This statement of fact in the petition is not denied in the return of the respondent. Not only so, but the facts pleaded here, and undenied by the return, show that the Knisely estate has been kept open through all kinds of dilatory actions to prevent the collection of the judgment directed by this court. By prohibition we had to stop a circuit court from opening up the case and thwarting our judgment. By mandamus we had to compel its allowance by the probate court. And now it is sought to have an appeal from the probate court, in the face of a mandatory statute.

But it is urged that even though the circuit court carries out his treat, and compels the appeal, the relatrix here has other remedies, and for that reason, she should not be granted prohibition.

Other remedies do not always suffice to prevent the issuance of a writ of prohibition. Such other remedy or remedies must be reasonably adequate, prompt and efficient.

In State ex rel. v. Elkin, 130 Mo. l. c. 109, on this precise point, the court said:

"But it is claimed that other remedies are available to check the defendants from proceeding in the matter of removing the county seat. That may be. The court will decline to award a prohibition where a party can readily obtain a desired result by other methods of procedure, as was held in Mastin v. Sloan (1889), 98 Mo. 252. But those methods must be *reasonably adequate, prompt* and *efficient*. The granting of a prohibitory writ is *discretionary* in the sense that the court will not issue it, unless the facts exhibited appear to

justify a resort to such a remedy. Where other convenient and effective modes of reaching the same result are open to the complaining party, the court may decline to award the extraordinary remedy. But it is not bound to decline because there may be some concurrent remedy. Whether other modes of relief are *equally effective* is a question to be determined in each particular exigency. And where a state of facts is presented, calling for the use of the writ according to the principles and usages of law, and where no other remedy is available, its allowance is not discretionary, but a mater of right under our Constitution. [Art. 2, sec. 10.] In the present instance we have no hesitation in ruling that the resort to this writ is appropriate and lawful.''

To like effect is the ruling in State ex rel. v. Aloe, 152 Mo. l. c. 483. whereat, VALLIANT, J., for Court in Banc, said:

''It is also contended by learned counsel that relators had their remedy by motion to dissolve, and by appeal on final judgment.

''Prohibition is an extraordinary remedy and will not lie where the party claiming it has adequate remedy by ordinary means. But the ordinary means that will defeat the application for this extraordinary *writ must be sufficient to afford the relief the case demands.* If the relators should await to follow the course pointed out by their adversaries, it would in all probability be a year before their appeal could be heard and decided, and it would be perhaps two years if the cause took its regular course without advancements both in the trial and appellate courts. In the meantime they are out of office, and the important public duties the law requires of them are left unperformed. The remedy would be entirely inadequate.''

To the same effect is State ex rel. v. Eby, 170 Mo. l. c. 526.

Under the peculiar facts of this case we do not think that an appeal or other remedy would afford to

relatrix an adequate, prompt and efficient remedy. The facts pleaded and admitted show the uncalled for dilatory efforts to defeat a judgment directed by this court. They further show that the circuit judge is threatening to compel the probate court to do an act in the very face of an express statute, for to compel the granting of an appeal to Mrs. Leathe, under the admitted facts, would be in direct violation of an express statute.

To compel an appeal, and thus keep open the Knisely estate for two or three years longer in view of the time elapsed, since this court directed the judgment in Knisely v. Leathe, and in view of the further fact that the granting of appeal to Mrs. Leathe (by the writ of mandamus, which our writ is sought to prohibit) would be to compel the probate court not only to violate the statutes of the State, but to set aside its discretionary judgment theretofore entered, would not be an adequate remedy. Our discretionary writ of prohibition should be measured by the circumstance of the case, and when so measured and a wise discretion exercised, we think the permanent writ should go.

All concur, *Bond, J.,* in separate opinion in which *Walker, J.,* joins.

BOND, J. (concurring)—The facts in this case disclose that the claim preferred against the estate by Mrs. Leathe, the administratrix, was one asserted in her individual right. On the trial the probate court held she was not entitled to recover anything. From that adverse judgment she, as any other litigant, was entitled to take an appeal upon the execution of a proper bond which, in this case as the judgment was only a denial of any right to recover on her part, would have been only for costs incurrable in the further prosecution of the suit. The probate judge refused to allow her an appeal unless she would give a bond in the specific sum of two hundred thousand dollars. That was

clearly error and an unjudicial, if not a grossly arbitrary and oppressive exercise of his discretion. She should have been allowed an appeal upon the execution of a proper cost bond with sufficient sureties thereon. In her application, however, for mandamus in the circuit court, she predicated her right to appeal solely on the theory that she was entitled to do so *without giving any bond*. She did not apply for the writ of mandamus because of the refusal of an appeal in the probate court after an offer on her part to execute a bond sufficient to cover the costs of such appeal. On account of her failure to base her application for mandamus on the proper grounds and upon proper action on her part, I concur in the result, only, of the learned majority opinion.

*Walker, J.,* concurs in these views.