THE STATE ex rel. HURST AUTOMATIC SWITCH & SIGNAL COMPANY v. GUSTAVE WURDEMAN, Judge of Circuit Court, and JOHN P. WILLMAN, Sheriff.

Division Two, June 5, 1925.

1. **PROHIBITION**: Jurisdiction: Appointment of Substitute Trustee. The trial court does not exceed its jurisdiction in making orders well within the purview of the directions of this court.  Where a note was secured by a deed of trust in which a trust company was named as trustee, and thereafter said company acquired said note, and this court set aside a foreclosure sale made by said trustee, and remanded the cause with directions to take an accounting between the parties and to give the mortgagor a reasonable time to redeem the property by paying the amount found to be due, and if such amount were not paid within the time fixed "said trust company may then proceed to foreclose its said deed of trust in such manner as it may be advised," and the trial court did take an accounting and found that the mortgagor owed the trust company a definite sum and gave him a reasonable time to pay the amount, and he failed to make the payment, the trial court does not exceed its jurisdiction by appointing, upon proper petition by the trust company, the sheriff, as substitute trustee, to make the sale.

2. ———: Allegations Denied: No Evidence: Review.  Where the trial judge as respondent to a writ of prohibition denies all the allegations contained in relator's petition, and no proof is taken to support them, this court is without any legal evidence on which to re-

State ex rel. Switch & Signal Co. v. Wurdeman.

view the rulings of the trial court of which complaint is made in the petition.

3. ————:. **Remedy by Appeal.** The relator, having filed its motion in the circuit court to set aside the order appointing the sheriff as substitute trustee to make a sale under a deed of trust, which was overruled before the sheriff filed his report of sale, was entitled to an appeal from said ruling, and therefore cannot maintain prohibition to nullify the order.

Corpus Juris Cyc. References: **Appeal and Error,** 4 C. J., Section 2727, p. 777, n. 61. **Mortgages,** 27 Cyc. p. 1479, n. 17. **Prohibition,** 32 Cyc. pp. 610, n. 79 New; 614, n. 2.

## Prohibition.

PEREMPTORY WRIT DENIED.

*W. W. Cohick* for relator.

(1) Respondent appointed the sheriff substitute trustee by authority of Secs. 13418 and 13419, R. S. 1919, as if there had been a trustee in the deed of trust and he had failed to execute it. Where a named trustee fails to act the note-holder is authorized by the first section to file a verified petition showing the facts, and if the court finds the facts stated to be true it can make an order under the next section and appoint a substitute trustee to execute the trust with the same powers the original trustee had. There never having been a trustee in the deed of trust, there could be no foreclosure by trustee's sale; therefore the order of respondent court appointing a substitute trustee to make the sale, and his order approving the sale made, were without jurisdiction. Before respondent could appoint a substitute it was necessary that the holder of the notes show the existence and failure to act of a named original trustee, and since there never was an original trustee in the Massey deed of trust, but only a mortgagor and *cestui que trust,* respondent court acted in excess of jurisdiction in ap

pointing, under said sections, the sheriff to execute the deed of trust. (2)   There being no legal trustee in the Sarah A. Massey deed of trust, it could not be foreclosed by trustee's sale, and the absence of a trustee therefrom made it a deed of trust in the nature of a mortgage, which could only be foreclosed by suit under Sec. 2222, R. S. 1919. That section means that if there is a trustee named in the instrument creating the trust a trustee's sale may be made, but, if a trustee is not named therein, then foreclosure must be by suit. (3)   Relator's remedy by appeal from the order of respondent court overruling the motion to set aside the appointment of the sheriff trustee to conduct sale was inadequate. State ex rel. v. Fort, 107 Mo. App. 337; State ex rel. v. Burney, 193 Mo. App. 338.

RAILEY, C.—On August 25, 1924, relator filed in this court an application for a writ of prohibition against respondent, Gustave Wurdeman, as judge of the Circuit Court of St. Louis County, Missouri, to prohibit him from enforcing an order he had made on August 9, 1924, authorizing John Willman, sheriff of said county, as successor or substitute trustee, to conduct a sale of relator's land under foreclosure of the Sarah A. Massey deed of trust in accordance with a decree entered on May 21, 1922, by respondent on an accounting, pursuant to directions and decree of the Supreme Court, in the cases formerly pending herein as follows:

Hurst Automatic Switch & Signal Co. et al. v. Trust Company of St. Louis County, decided in Division One on October 10, 1919, and reported in 216 S. W. 954. The above was a suit in equity, the general nature and object of which was to secure the cancellation of a trustee's sale, and deed made thereunder by the defendant Bode, purporting to convey 131 acres of land in said county to the defendant Walton, by virtue of a power of sale contained in a deed of trust executed on February 4, 1911, by Sarah A. Massey, to the defendant trust company, as trustee, to secure the payment of her promissory note

of the same date for $16,850, etc. The petition alleged that Mrs. Massey, soon after the execution of the deed of trust, conveyed said land to Christian J. Steffan, who, on March 4, 1911, conveyed the same to defendant Trust Company to secure a promissory note of the same date for $2,768.67, etc. The case was reversed and remanded with directions to the Circuit Court of St. Louis County, to set aside said trustee's sale, and the deed of trust to secure $13,000 executed by defendant Walton and wife on the same day. The decree also directed that an ac counting should be had between the parties, and author- ized the circuit court to grant reasonable time for the re- demption of the property upon the payment, by the plain- tiff aforesaid, of the sum found to be justly due for that purpose, etc.

Thereafter there appeared in Division One of this court, a case entitled Hurst Automatic Swift & Signal Company and Fred Hurst, as appellants, against the Trust Company of St. Louis County et al., as respond- ents, which will be found reported in 291 Mo. 54 and 236 S. W. 58, which was reversed and remanded with direc- tions, etc., by Commissioner SMALL, in an opinion filed on December 19, 1921. This was likewise a proceeding in equity to cancel and set aside a trustee's sale and deed of certain lands made February 28, 1914, and to re- deem the property from the deed of trust, executed by Mrs. Massey, a prior owner, under which the same was made. Judge SMALL recites that plaintiff owned said property subject to the deed of trust, and that Fred Hurst was its tenant; that the defendant Trust Company of St. Louis County was the trustee named in said deed of trust and was the owner of the Massey note secured thereby; that defendant Bode was the Sheriff of St. Louis County, who was designated in the deed of trust to act as trustee in the absence or refusal to act of the Trust Company; that Stonewall J. Walton was the purchaser, for $17,605, at the foreclosure sale made by defendant Bode, the sheriff, as substitute trustee. This court in the above case (291 Mo. 71 and fol.) reversed the judg-

ment of the lower court with directions to enter its decree, first setting aside and cancelling the said trustee's sale and deed to Walton made under the Massey deed of trust and said $13,000 deed of trust made by Walton to said Trust Company and to sustain plaintiff's motion for the possession of said property, and then at such reasonable time as the court might fix proceed to hear and determine the respective claims of the parties to an accounting, according to the views expressed by the court in said opinion; and upon such determination, including the amount due defendant Trust Company on the Massey notes and deed of trust, to allow plaintiffs a reasonable time thereafter to pay such sum and redeem from such deed of trust, who would not be considered as being in default until after the expiration of the time for payment and redemption so fixed and plaintiff's failure to pay the same within such time; and if not so paid that said trust company might then proceed to foreclose its said deed of trust in such manner as it might be advised.

The next proceedings in this court between the parties aforesaid, relating to the land in controversy, appears as State ex rel. Hurst Automatic Switch & Signal Co. v. Gustave Wurdeman, Judge, reported in 250 S. W. 46, decided by Judge SMALL on April 6, 1923. It was an original proceeding in this court for a writ of *mandamus* against Judge Wurdeman, to compel him to approve an appeal bond in the case of Hurst Automatic Switch & Signal Co. v. Trust Company of St. Louis County, pending in the Circuit Court of St. Louis County, and which had been twice appealed to this court, and each time reversed and remanded with directions, to take an accounting between the parties, as appears by reference to 216 S. W. 954 and 236 S. W. 58. Judge SMALL, at page 46, recites that:

"On a trial of such accounting, after the last reversal, there was a finding in favor of the plaintiffs, and against defendants Walton and Scheer, for $403.69, and a finding that there was due the defendant Trust Company on the Massey notes, secured by deed of trust, a

sale under which had been set aside by the decree in said cause, from the plaintiff Hurst Automatic Switch & Signal Company, the sum of $28,917.96.''

The relator in the above case failed to comply with the requirements of our rules, and the case was disposed of by this court, as follows (250 S. W. 1. c. 47):

"In the matter before us the relators or applicants wholly failed to comply with our rules in this regard. The motion of the respondent to dismiss the cause or application is therefore well taken, and must be sustained."

The above litigation again appeared in Division One, under the title of Hurst Automatic Switch & Signal Co. v. Trust Company of St. Louis County, reported in 264 S. W. 406. The opinion affirming the judgment below in favor of defendants was filed June 10, 1924. It recites the following:

"This case is a second trial on accounting under the directions of this court before Division No. 2 of the Circuit Court of St. Louis County. That court entered a finding of facts, and found the amount due the Trust Company on the Massey deed of trust from plaintiff Hurst Automatic Switch Company to be $28,917.96.

"The defendants Walton and Scheer in their answer prayed judgment for the value of improvements alleged to have been made on the plaintiff's real estate while in their possession, and for taxes paid, and the court entered judgment in favor of Walton and Scheer for improvements and taxes for the sum of $8,248.09. It also found for the plaintiffs on their petition for an accounting against Walton and Scheer the sum of $8,552.72, and subtracted the one from the other, and thereby found that there was due the plaintiff Hurst Automatic Switch & Signal Company the sum of $304.63. Thereupon judgment was entered in favor of said company for said sum, and costs against the defendants Walton and Scheer.

"From this judgment the records show that the affidavit for an appeal was filed only on behalf of the Hurst

Automatic Switch & Signal Company. Consequently it is the only appeal in the case."

The judgment below was thus affirmed by Division One in a unanimous opinion.

The petition for a writ of prohibition herein states, in a general way, some of the historical facts disclosed in the opinions rendered by this court as heretofore shown. It then charges that, on August 9, 1924, without notice to plaintiff, the defendant Trust Company presented a motion, not verified as required by Section 13418, Revised Statutes 1919, to the circuit court aforesaid, and asked for and obtained an order authorizing John Willman, the sheriff of said county, to act as successor trustee to sell the property in controversy. It is alleged that said sheriff, on August 12, 1924, acting under said order, advertised said property for sale on September 3, 1924; that on August 23, 1924, relator filed a motion to set aside the order appointing Sheriff Willman as successor trustee to make said sale, which said motion was by the court overruled. The petition further alleges, that on February 28, 1924, the principal note of $16,500, and all interest notes secured by said deed of trust, were fully paid, and delivered back to Sarah A. Massey, the maker and mortgagor in said deed of trust, as paid. (There is no proof as to this fact, and it is denied in the return. In addition thereto the *trial court* found to the contrary, and that there was due the Trust Company of St. Louis County $28,917.96, which said judgment was affirmed by this court in 264 S. W. l. c. 407).

Judge Wurdeman, in his return, "*denies that the matters and facts set forth in the petition of relator are true and denies each and every allegation therein contained.*" He sets out the historical facts shown in the opinions of this court heretofore mentioned. He further alleges that the motion to substitute Willman, the sheriff, as trustee to foreclose the deed of trust was verified by the affidavit of Christ Ruehl, president of the Trust Company, and the motion with affidavit attached is set out in full as a part of said return; that the property in con-

troversy was sold by Sheriff Willman as substitute trustee, and a deed made therefor, before the filing of relator's application for a writ of prohibition; that he found there was due the Trust Company aforesaid $28,917.96 "and gave relator ten days' time in which to pay said sum and redeem said property, and thereafter extended said time until May 29, 1922, and again thereafter extended said time until May 31, 1922, and that upon the failure to redeem, the application for the appointment of a successor trustee was filed herein." He further alleges that since the service on him of the preliminary rule he has taken no further steps in the case. The return aforesaid is properly verified.

The relator in its reply denies the allegations of the return.

The remaining questions involved will be considered in the opinion.

I. It is claimed by relator that the trial court committed error in appointing John Willman, Sheriff of St. Louis County, as substitute trustee to conduct the sale of relator's land under the provisions of the Sarah A. Massey deed of trust, etc. We have set out in the statement a synopsis of the litigation between the parties hereto, as shown by the decisions of this court. Judge Small, in 236 S. W. 59, said:

"The plaintiff company" (relator here) "was the owner of the property subject to the deed of trust; plaintiff Fred Hurst was its tenant; the defendant trust company was the trustee named in said deed of trust, and owner of the Massey note secured thereby; defendant Bode was the Sheriff of St. Louis County, who was designated in the deed of trust to act as trustee in the absence or refusal to act of the trust company."

Judge Small reversed and remanded the case with directions to the lower court to set aside the sale made by Bode to Walton, and to take an accounting between the parties in interest, "and upon such determination, including the finding of the amount due defendant trust

company on the Massey notes and deed of trust, to allow plaintiffs'' (relators here) ''a reasonable time thereafter, to pay such sum and redeem from such deed of trust, which will not be considered as being in default until after the expiration of the time for payment and redemption so fixed and plaintiffs' failure to pay the same within such time; and, if not so paid, that said trust company may then proceed to foreclose its said deed of trust in such manner as it may be advised.''

Pursuant to the directions of Judge SMALL supra, the trial court made an accounting between said parties, and found that there was due upon said note held by the Trust Company, including principal and interest, the sum of $28,917.96, and gave relator herein ten days' time in which to pay said sum and redeem said property and, thereafter, extended said time until May 29, 1922, and again thereafter extended said time until May 31, 1922. Upon the failure to redeem, the Trust Company filed its petition in the circuit court aforesaid, verified by the affidavit of Christ Ruehl, its president, asking for the appointment of John F. Willman, sheriff of said county, who had succeeded Bode, the former sheriff, as successor or substitute trustee to execute the provisions of said deed of trust in case of default thereof. Said petition or motion was filed on May 21, 1922, during the May Term, 1922, of said court. Said petition, among other things, contains the following:

''Your petitioner states that in the deed of trust executed to secure the payment of said note, it is named as trustee, but that it now is the owner of said note and the deed of trust securing the payment of the same, and has accordingly become unable and disabled from performing or executing the trust in said deed of trust.''

The court sustained said petition as hereafter shown, and appointed said Willman, sheriff aforesaid, as successor or substitute trustee, etc. The relator appealed from said judgment of the trust company in finding that there was due it $28,917.96, etc. The Supreme Court affirmed the above judgment (264

S. W. 406), and some of its findings are heretofore set out in our statement of the case. Thereupon, after the above affirmance, Bode's term as sheriff having expired, the circuit court, on August 9, 1924, sustained the trust company's motion for a renewed order of sale and appointed John P. Willman, sheriff, substitute successor trustee in the Sarah A. Massey deed of trust and authorized him to conduct the sale of relator's land described therein under the decree of May 11, 1922.

On the facts heretofore set out, we hold that the trial court was within its jurisdiction in stating its accounting and in entering a judgment in favor of the trust company for $28,917.96. We also rule, that the trial court acting within the provisions of Sections 13418 and 13419, Revised Statutes 1919, was within the law in renewing the order appointing Willman, sheriff, as substitute successor trustee to conduct the sale aforesaid.

II. Aside from the foregoing, the respondent, Judge Wurdeman, has under oath denied all the allegations of relator's petition, and no proof has been taken in support of same. This court is therefore without any legal evidence on which to review the rulings of the trial court complained of in petition. What we said in affirming the judgment below, in 264 S. W. l. c. 407, applies with equal force here, to-wit: "a court of general jurisdiction had ample evidence to support the findings and was legally justified in doing so, especially in the absence of evidence to the contrary."

**No Evidence.**

In view of the foregoing relator has failed to make a prima-facie case.

III. The relator, on August 23, 1924, filed in the circuit court a motion to set aside said order appointing Willman substitute trustee to conduct said sale. This motion of relator was overruled on September 15, 1924, and on the same day the report of John Willman, sheriff and trustee, was filed, approved, etc. Relator was in court, and if there is any merit in its contentions, it had

a valid and complete remedy by appeal, as it had in the case of Hurst Automatic Switch & Signal Company v. Trust Company of St. Louis County, 264 S. W. 406, where the judgment in favor of said Trust Company was affirmed for $28,917.96. On August 23, 1924, and on September 15, 1924, the trial court had jurisdiction over the subject-matter of this entire litigation, and likewise over the parties to said action. The relator had the legal right to appeal from the proceedings overruling its motion aforesaid and, having failed to do so, is not entitled to maintain this action for prohibition. [Section 1469, R. S. 1919; State ex rel. Hampe v. Ittner, 263 S. W. (Mo.) l. c. 165; State ex rel. v. Wurdeman, 232 S. W. (Mo.) 1002; State ex rel. v. Henson, 217 S. W. (Mo.) 17; State ex rel. v. Jones, 274 Mo. 395, 202 S. W. 1117; State ex rel. v. Bank, 197 Mo. l. c. 593, 94 S. W. 953.]

IV. It is unnecessary to extend this opinion further. Viewed from any angle the relator is not entitled to maintain this action. Our rule in prohibition was improvidently granted, is hereby quashed, and a peremptory writ denied. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.